### McCORMICK v. GUBNER.

#### (Supreme Court, Appellate Term. December 7, 1904.)

1. EVIDENCE—SUFFICIENCY.

Where plaintiff's witness was permitted to testify from a bill of particulars to refresh his memory, but was unable to distinguish the items of which he had personal knowledge from those of which he knew nothing except on information and belief, there was no basis for a recovery.

2. TRIAL—DIRECTION OF VERDICT.

Where plaintiff's evidence offered no basis for recovery of any certain amount, but the answer admitted an indebtedness of a certain amount, without an offer of judgment, the court should direct the jury to render a verdict for the amount admitted.

Appeal from City Court of New York, Special Term.

Action by John McCormick against Henrietta Gubner, as executrix. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GIL-DERSLEEVE, JJ.

David Bernstein, for appellant.

M. P. O'Connor, for respondent.

PER CURIAM. Assuming that the bill of particulars was properly used by the witness Sier in aid of his memory, the testimony given falls short of being sufficient to establish, even prima facie, the plaintiff's claim. The witness was unable to distinguish the items of which he had personal knowledge from those of which he knew nothing except upon information and belief. How could the jury, upon such evidence, say what amount, if any, the plaintiff should recover?

We are of the opinion that the amended answer admits an indebtedness to the defendant's testator in the sum of $28.05. There had been no offer of judgment on the part of the defendant, and it therefore became the duty of the court to direct the jury to render a verdict in favor of the plaintiff and against the defendant for that sum.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.